Harlan H. VEAL, Jr., Movant,

v.

**KENTUCKY BAR ASSOCIATION,**
**Respondent.**

**No. 93–SC–848–KB.**

Supreme Court of Kentucky.

Dec. 22, 1993.

Frank E. Haddad, Jr., Peter L. Ostermiller, Louisville, for movant.

Bruce K. Davis, KBA Executive Director, Scott D. Majors, Frankfort, for respondent.

## OPINION AND ORDER

The movant, Harlan H. Veal, Jr., requests permission to withdraw from membership in the Kentucky Bar Association under terms of disbarment. The KBA has responded and has no objection to this request. Additionally, movant has tendered a reply to the KBA's response and has requested permission from this Court for it to be filed. The KBA has not timely responded to the request to file the reply. Permission to file the reply is granted. Movant's original request to withdraw from the KBA is granted under the following terms.

Movant's misconduct occurred in 1987 while he was serving as attorney for and executor of the estate of Edith F. Ethington, a former Jessamine County resident. In response to a show cause order, movant filed a partial settlement of the estate on June 1, 1990. The filing listed assets totaling $1,513,269.89 and disbursements of $1,395,-289.60. The amount of $237,750.00 was listed under administrative expenses as previously disbursed attorney's fees. In his motion to withdraw from the KBA, movant acknowledges that this fee was clearly excessive under the probate laws of Kentucky. Further, movant acknowledges that these and other amounts were withdrawn for his personal use during the administration of the estate.

Under such facts, we conclude that movant's conduct violated SCR 3.130–1.5 (prohibition against charging an excessive fee), SCR 3.130–1.15(a) (misappropriation of client funds), and SCR 3.130–8.3(c) (conduct involving dishonesty, fraud, deceit or misrepresentation). Further, the KBA has submitted, and this Court agrees, that movant's conduct appears to be a violation of SCR 3.130–8.3(b) which provides that "[i]t is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Therefore, it is ordered that Harlan H. Veal's motion to resign from the Kentucky Bar Association under terms of disbarment, pursuant to SCR 3.480(3), is granted. Furthermore, movant will not engage in the practice of law in the Commonwealth of Kentucky until further notice from this court. At the minimum, an application for reinstatement will not be considered for five years from the date of this order, and will not be considered at all until full restitution of excessive fees is made to the estate in question, and all outstanding claims and judgments resulting from movant's law practice, including any claims or judgments from the Client's Security Fund of the KBA, are satisfied. Movant is responsible for the payment of the costs of this investigation as certified by the Kentucky Bar Association, and is responsible for notifying all concerned parties pursuant to the provisions of SCR 3.390.

/s/ Robert F. Stephens
Chief Justice